United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

04-60549

_____

JOE NATHAN WRIGHT and LOLA H. WRIGHT,

Petitioners - Appellants,

VERSUS

COMMISSIONER OF INTERNAL REVENUE,

Respondant - Appellee

_____

Appeal from the Decision of the
United States Tax Court

_____

Before DAVIS, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM: [1]

The petitioners, Joe Nathan Wright and Lola H. Wright, appeal the decision of the United States Tax Court denying their claim for abatement of interest assessed on their unpaid income tax liabilities for tax years 1993 and 1994. For essentially the reasons stated by the Tax Court in its Memorandum Findings of Fact and Opinion dated March 18, 2004, we affirm. T.C. Memo 2004-69.

Section 6404 of the Internal Revenue Code gives the IRS discretion to abate interest assessments in limited circumstances.[2] Because the Wrights reported their tax liability due on their

_____

[1] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[2]     Sec. 6404(e)(1), as applicable at the time of these events -

(e)     Assessments of Interest Attributable to Errors and Delays by Internal Revenue Service. -

(1)     In general. In the case of any assessment of interest on

(A)     any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his

1993 and 1994 returns, this is not a deficiency case, in which unpaid taxes are identified by the IRS. Accordingly, § 6404(e)(1)(A) does not apply. Section 6404(e)(1)(B) allows abatement only if any error or delay in payment is caused by the IRS error or being dilatory in performing a ministerial act, that occurred after the IRS contacted the taxpayer in writing about the payment and where the taxpayer did not significantly contribute to the error or delay. For the taxpayer to prevail, he must also show "that the Commissioner exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The Wright's case fails on all counts. First, it is not clear that the IRS was erroneous or dilatory in performing a ministerial act. Treasury regulations define a ministerial act as "a procedural or mechanical act that does not involve the exercise of discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences, have taken place. A decision concerning the proper application of federal tax law (or other federal or state law) is not a ministerial act." Treas. Reg. § 301.6404-2T(b)(1). Although neither party cites any case law on this point, it is clear to us that deciding whether to accept or how to respond to an offer in compromise is not a "procedural or mechanical act that does not involve the exercise of discretion."

Second, it is not clear that the Wrights did not contribute to the error or delay. The taxpayers reported their own tax liability. They made partial payments of approximately $30,000 that did not

---

official capacity) in performing a ministerial act, or
(B)  any payment of any tax described in section 6212(a) to the extent that any delay in such payment is attributable to such officer or employee being dilatory in performing a ministerial act,

the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

come close to satisfying the approximately $120,000 originally due. Nothing the IRS did prevented the Wrights from paying the balance. As stated in <u>Cannon v. Comm'r</u>, T.C. Memo 2002-205, "Generally, the relief provided by section 6404 is not available under those circumstances [taxpayer reported but unpaid tax liability]. As noted in the legislative history of that section, 'if a taxpayer files a return but does not pay the taxes due, [section 6404] would not permit abatement of this interest regardless of how long the IRS took to contact the taxpayer and request payment.' S. Rept. 99-313 (1985), 1986-3 C.B. (Vol. 3) 1, 208; see also <u>Smith v. Comm'r</u>, T.C. Memo 2002-1."

In addition, as noted by the Tax Court, the taxpayers' proposed findings of fact state that they had net assets of about $20,000 on given dates in 1996 and substantially less in 1998, supporting the Tax Court's conclusion that the petitioners delayed paying their 1993 and 1994 tax liabilities as a result of their own inability to pay, not as a result of any fault of the IRS.

AFFIRMED.