T.C. Memo. 2005-138

UNITED STATES TAX COURT

LAW OFFICES OF MICHAEL B. L. HEPPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20436-03.          Filed June 13, 2005.

<u>Michael Barry Loui Hepps</u>, for petitioner.

<u>James B. Urie</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on
respondent's motion for judgment on the pleadings under Rule
120(a) (motion).[1]  Because petitioner attached exhibits to its
response to respondent's motion that require us to consider

------

[1]All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the years in issue.

matters outside the pleadings, we shall treat respondent's motion as a motion for summary judgment under Rule 121.  See Rule 120(b).

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

## Background

This is an appeal from respondent's determination that petitioner is not entitled to an abatement of interest on employment taxes under section 6404 for the tax periods ending March 31, 1998, June 30, 1998, September 30, 1998, December 31,

1998, March 31, 1999, June 30, 1999, September 30, 1999, and December 31, 1999. Petitioner's principal place of business was located in Philadelphia, Pennsylvania, when its petition in this case was filed.

In September 2000, petitioner discovered that its employment taxes for the periods in issue had not been paid to the Internal Revenue Service (the Service) due to an embezzlement. Upon discovering the embezzlement, petitioner and/or its principal, Michael B. L. Hepps, entered into an agreement (installment agreement) with the Service to make periodic payments on the outstanding employment tax liability. The periodic payments were derived from, and depended upon, payments petitioner or petitioner's principal received monthly from a third party, and the Service was aware of this fact.[2]

On some date after the installment agreement was implemented, the Service levied upon the third party, who allegedly owed money to petitioner or petitioner's principal. Petitioner contends that the seizure was made in violation of an understanding it had with the Service. The seizure resulted in the third party, whose payments were funding the installment agreement, terminating its relationship with petitioner and/or petitioner's principal. As a result, petitioner was no longer

---

[2]The record is unclear as to whether the third party was obligated to pay petitioner or petitioner's principal.

able to make the installment payments. Petitioner immediately contacted the Service to negotiate lower periodic payments. Despite several letters and telephone calls from petitioner to the Service, however, petitioner's collection matter was never formally resolved by a closing agreement, offer in compromise, or in any other manner. Because petitioner maintained that the interest in question is attributable to the Service's wrongful levy, petitioner filed a request for an abatement of interest on the unpaid employment taxes under section 6404.[3]

On June 13, 2003, respondent issued a Full Disallowance-- Final Determination (final determination), in which he denied petitioner's request for abatement on the grounds that "IRC Section 6404(e)(1) does not authorize the Internal Revenue Service to abate the assessment of interest on employment taxes." However, respondent's final determination did not discuss, or apparently consider, the possible application of section 6404(a) to petitioner's request for abatement.

On November 26, 2003, petitioner's imperfect petition seeking a review of respondent's failure to abate interest under section 6404 was filed. Because the petition did not meet the

---

[3]The record for purposes of respondent's motion does not contain a copy of petitioner's request for abatement and does not disclose when petitioner requested the abatement of interest.

requirements of Rule 281(b), we ordered petitioner to file a proper amended petition by January 27, 2004.  On February 2, 2004, petitioner's amended petition was filed.[4]

On June 2, 2004, respondent's motion was filed.  In his motion, respondent contends that his determination not to abate interest was not an abuse of discretion because, under sections 6404(e), 6211, and 6212(a) and <u>Woodral v. Commissioner</u>, 112 T.C. 19 (1999), he lacks the authority to abate assessments of interest on employment taxes.  Respondent also contends that section 6404(a) does not apply because petitioner "has not suggested that any of the interest assessed was excessive or miscalculated."

On June 28, 2004, petitioner's response opposing respondent's motion was filed.  In its response, petitioner contends that "numerous representatives of the Government have indicated that what occurred was entirely the Government's fault and that the interest should be abated" and that the Service "ought to be held to their word."  Petitioner also denied respondent's contention that section 6404(a) did not apply.

This case was scheduled for hearing at the Court's September 7, 2004, Philadelphia, Pennsylvania, trial session.  Counsel for both parties appeared and presented oral arguments on the motion.

---

[4]Respondent does not dispute the timeliness of petitioner's amended petition.

Among the arguments petitioner presented was an argument that respondent should have abated interest under section 6404(a). Counsel for respondent argued at the hearing that section 6404(a) did not apply because the interest at issue was not erroneously or illegally assessed, citing section 6404(a)(3), nor was it excessive in amount, citing section 6404(a)(1). Neither party brought to the Court's attention our Memorandum Opinion in H & H Trim & Upholstery Co. v. Commissioner, T.C. Memo. 2003-9.

## Discussion

### I. Abatement of Interest Under Section 6404

#### A. Section 6404(e)(1)

Section 6404(e)(1) provides, in pertinent part, that the Commissioner may abate an assessment of interest on:

> (A) Any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act, or

> (B) any payment of any tax described in section 6212(a) to the extent that any unreasonable error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial or managerial act.

Section 6211 defines a deficiency as the amount by which the tax imposed by subtitle A or B or chapter 41, 42, 43, or 44 of the Internal Revenue Code exceeds the amount of such tax shown on the taxpayer's return and the amount of such tax previously assessed.

Section 6212(a) authorizes the Secretary[5] to issue notices of deficiency with respect to taxes imposed by subtitle A or B or chapter 41, 42, 43, or 44 of the Code.  These subtitles and chapters of the Code cover taxes on income, estates, gifts, certain qualified pension plans, and qualified investment entities.  The Code provisions related to employment taxes are contained in subtitle C.

The Commissioner's authority to abate an assessment of interest involves the exercise of discretion, and we must give due deference to the Commissioner's discretion.  Woodral v. Commissioner, supra at 23; Mailman v. Commissioner, 91 T.C. 1079, 1082 (1988).  In order to prevail, petitioner must prove that the Commissioner abused his discretion by exercising it arbitrarily, capriciously, or without sound basis in fact or law.  Woodral v. Commissioner, supra at 23; Mailman v. Commissioner, supra at 1084; see also sec. 6404(i)(1); Rule 142(a).

In Woodral v. Commissioner, supra at 25, we held that the Commissioner lacks authority under section 6404(e) to abate an assessment of interest on employment taxes because neither section 6211 nor section 6212(a) mentions subtitle C.  We also

_____

[5]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A).

held that because the Commissioner has no authority to abate assessments of interest on employment taxes under section 6404(e), he cannot commit an abuse of discretion by refusing to do so because "a person with no discretion simply cannot abuse it." Id.

Because our Opinion in Woodral is controlling, we hold that respondent is entitled to summary judgment on petitioner's claim for abatement under section 6404(e). Respondent has no authority under section 6404(e) to abate the interest assessed on petitioner's unpaid employment taxes, and, consequently, respondent did not abuse his discretion by refusing to abate the interest in this case.

B. Section 6404(a)

Petitioner also contends that respondent should have abated interest under section 6404(a). We construe petitioner's argument to be that respondent's failure adequately to consider section 6404(a) precludes the entry of a summary judgment. Section 6404(a) provides as follows:

> SEC. 6404(a). General Rule.--The Secretary is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which--
>
>> (1) is excessive in amount, or

    (2) is assessed after the expiration of the period of limitations properly applicable thereto, or

    (3) is erroneously or illegally assessed.

In Woodral v. Commissioner, 112 T.C. at 22-23, we held that we had jurisdiction under section 6404(g) to review the Commissioner's failure to abate interest under all subsections of section 6404 and that section 6404(g) does not limit our jurisdiction to review cases under section 6404(g) to those asserting a right to abatement under section 6404(e). Nevertheless, in Woodral, because the taxpayers did not cite any authority or introduce any evidence to support their claim that the assessments of interest were excessive, erroneous, or illegal, we held that the Commissioner did not abuse his discretion by failing to abate the assessments of interest under section 6404(a).  Id. at 24.

In H & H Trim & Upholstery Co. v. Commissioner, T.C. Memo. 2003-9, which we filed on January 9, 2003, we held that a taxpayer was entitled to a partial abatement of interest related to the taxpayer's employment tax liability because the Service, in response to the taxpayer's request for a payoff figure, failed to inform the taxpayer of additional interest and an addition to tax that had accrued but had not yet been assessed.  Citing Woodral v. Commissioner, supra, we concluded that the reference in section 6404(a) to "any tax" included employment taxes, and

that the reference in section 6404(a) to "any liability in respect to" the tax includes interest that has accrued on the underlying tax.  H & H Trim & Upholstery Co. v. Commissioner, supra.  We then interpreted the term "excessive" in section 6404(a), as it relates to interest, to include a concept of unfairness under all of the facts and circumstances.  Id.  After examining the facts of the case, we concluded that petitioner's employment tax liability for one of the quarters at issue would have been fully paid on January 15, 1997, "but for" the Commissioner's error, that requiring petitioner to pay interest accrued as a result of the Commissioner's error was unfair, and that the interest accrual attributable to the Commissioner's error was therefore excessive.  We held that the Commissioner's determination not to abate interest for the period from January 16, 1997 through June 30, 1998, was an abuse of the Commissioner's discretion.

     In this case, petitioner's argument is essentially an argument about unfairness.  Petitioner contends that respondent's error in levying upon money owed to petitioner or to petitioner's principal caused the third party to terminate its relationship with petitioner and/or its principal and deprived petitioner of the income stream that was funding the installment agreement.  Petitioner also contends that representatives of respondent have acknowledged respondent's mistake and have even agreed that

interest should be abated but have taken the position that no section of the Code gives respondent the authority to abate interest under the circumstances of this case. Respondent not only disputes that any representative has acknowledged interest should be abated, but respondent also contends that section 6404(a) is not applicable, apparently because petitioner did not specifically request relief under section 6404(a).

In order to grant summary judgment under Rule 121, we must conclude that there is no dispute about a material fact and that the moving party is entitled to a decision as a matter of law. We are unable to do so. Not only is there a dispute about the material facts with respect to the application of section 6404(a), but our opinion in H & H Trim & Upholstery Co. v. Commissioner, supra, raises the issue of whether respondent improperly failed to consider section 6404(a) in determining that petitioner was not entitled to an abatement of interest.[6]

The opinion in H & H Trim & Upholstery Co. was filed on January 9, 2003. Respondent's final determination was dated June

---

[6]Respondent's only contention with respect to sec. 6404(a) is that he did not have to consider it because petitioner did not specifically request relief under sec. 6404(a). We do not believe that respondent's excuse is adequate. Petitioner's petition and its response to the motion allege facts that focus on the unfairness of respondent's determination not to abate interest, even though they do not specifically mention sec. 6404(a). Moreover, petitioner alleged in his petition that he was entitled to relief under sec. 6404, and in his response to the motion, he specifically denied respondent's allegation that sec. 6404(a) did not apply.

13, 2003.  Neither party brought the opinion in H & H Trim & Upholstery Co. to our attention in either its motion papers or at the hearing.  Our research has not located any other case that has interpreted section 6404(a) and applied it to abate interest on an unpaid employment tax liability.  Under the circumstances, it is reasonable to conclude that neither party has considered how the opinion in H & H Trim & Upholstery Co. might affect the application of section 6404 to the facts of this case.  The parties should have the opportunity to develop the facts, consider how the Memorandum Opinion in H & H Trim & Upholstery Co. affects the legal analysis, and discuss whether this case may be resolved without the necessity of a trial.

Although we shall deny respondent's motion with respect to section 6404(a) for the reasons stated above, we caution petitioner that it has the burden of introducing credible evidence to establish that the accrual and assessment of some part of the interest at issue in this case was unfair and therefore excessive.[7]

II.  Conclusion

We shall grant respondent's summary judgment motion with respect to petitioner's abatement claim under section 6404(e).

---

[7]In H & H Trim & Upholstery Co. v. Commissioner, T.C. Memo. 2003-9, the taxpayer proved that the interest that was abated under sec. 6404(a) would not have accrued "but for" the Commissioner's mistake.

However, because respondent did not adequately consider section 6404(a) in making his final determination that petitioner was not entitled to an abatement of interest under section 6404 and because there is a dispute regarding the material facts, we are unable to conclude that respondent is entitled to summary judgment with respect to section 6404(a).  See <u>H & H Trim & Upholstery Co. v. Commissioner</u>, T.C. Memo. 2003-9.

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued.</u>