T.C. Memo. 2005-282

UNITED STATES TAX COURT

SCANLON WHITE, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1958-05.               Filed December 6, 2005.

<u>John Edward Leeper</u>, for petitioner.

<u>Dennis R. Onnen</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  This case is before the Court on respondent's
motion for summary judgment.  The issue for decision is whether
there was an abuse of discretion by the Internal Revenue Service
(IRS) in failing to abate interest on employment taxes.
Respondent relies on our decision in <u>Woodral v. Commissioner</u>, 112
T.C. 19 (1999), and petitioner disagrees with that opinion.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time that the petition was filed, petitioner's principal place of business was in New Mexico. On June 19, 2004, petitioner submitted to respondent a request for abatement of interest on its unpaid employment taxes for quarters ended December 31, 1997, to December 31, 1999. On August 5, 2004, respondent issued a letter to petitioner citing section 6404(e)(1) for the proposition that respondent lacked the authority to abate interest due on petitioner's unpaid employment taxes for quarters ended December 31, 1997, to September 30, 1998. On August 9, 2004, respondent issued similar letters to petitioner with regard to its request for abatement of interest on its unpaid employment taxes for quarters ended December 31, 1998, to December 31, 1999.

On January 31, 2005, petitioner filed with the Court a petition for review of failure to abate interest under section 6404. The petition alleges, in part:

> The facts on which petitioner relies to establish that the Commissioner's final determination not to abate interest was an abuse of discretion are as follows:

(a) The Commissioner erred in asserting that section 6404(e) of the Internal Revenue Code does not apply to employment taxes.

(b) The Internal Revenue Service unreasonably delayed the processing of the taxpayer's offer in compromise for approximately four (4) years. The taxpayer requested abatement of the interest that accrued on its outstanding payroll tax liabilities between the time that it initially submitted its offer in compromise (March 5, 2000) and the date that the offer was ultimately rejected (February 5, 2004) by the Commissioner of Internal Revenue.

Thereafter, respondent filed a motion to dismiss for lack of jurisdiction, contending that respondent had not issued a notice of final determination that would confer jurisdiction on the Court under section 6404. Respondent's motion was denied, because the Court found that the letters sent to petitioner on August 5 and 9, 2004, which unequivocally stated that petitioner's request for abatement of interest was denied, constituted a final notice of determination not to abate interest sufficient to confer jurisdiction on the Court.

The pending motion for summary judgment by respondent is based on our holding on Woodral v. Commissioner, supra, that respondent lacks authority to abate assessments of interest on employment taxes under section 6404(e). Therefore, there can have been no abuse of discretion in refusing to abate interest. Respondent's motion further argues:

This case is unlike H&H Trim & Upholstery Co. v. Commissioner, T.C. Memo. 2003-9, where the Court found that section 6404(a) applied to some of the accrued

interest directly attributable to respondent's error (providing a wrong payoff amount).  There is no such error in this case, but merely an alleged unreasonable delay in considering an offer in compromise.  Moreover, petitioner has not made any allegation that section 6404(a) applies.  * * *

Petitioner's objection to respondent's motion for summary judgment does not disagree with respondent's characterization of the claimed abuse of discretion in this case.  Petitioner simply disagrees with our Opinion in Woodral v. Commissioner, supra, arguing that our Opinion too narrowly defined the term "deficiency" as used in section 6404(e)(1)(A).

## Discussion

Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b).  No material facts are in dispute in this case; thus, whether respondent has authority to abate interest on employment taxes may be decided as a matter of law.

Section 6404(e)(1) provides in pertinent part:

(1) In general.--In the case of any assessment of interest on--

(A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act, or

(B) any payment of any tax described in section 6212(a) to the extent that any unreasonable error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial or managerial act,

the Secretary may abate the assessment of all or any part of such interest for any period. * * *

In Woodral v. Commissioner, 112 T.C. 19 (1999), this Court held that respondent is authorized under section 6404(e) to abate interest only on any "deficiency" or payment of tax relating to income, estate, gift, generation skipping, or certain excise taxes. See id. at 25. This Court stated:

Based on our review of section 6404(e) and the Code sections it references, we hold that the Commissioner lacks the authority to abate assessments of interest on employment taxes under section 6404(e). As the Commissioner has no authority to abate assessments of interest on employment taxes under section 6404(e), the Commissioner could not have committed an abuse of discretion--a person with no discretion simply cannot abuse it. [Id.]

Petitioner does not distinguish this case from Woodral. Rather, it asks us to overrule that decision of this Court. We decline to do so.

We followed Woodral in Miller v. Commissioner, T.C. Memo. 2000-196, affd. 310 F.3d 640 (9th Cir. 2002). In affirming our decision, the Court of Appeals for the Ninth Circuit described Miller's argument in terms identical to those made by petitioner in this case. The Court of Appeals held that the implementing regulation, section 301.6404-2(a)(1)(i), Admin. & Proced. Regs.,

limiting section 6404(e)(1)'s application to income, estate, gift, generation-skipping, and certain excise taxes, was entitled to deference.  The Court of Appeals concluded:

> The regulation implementing I.R.C. sec. 6404(e)(1) indicates the intent of the Secretary of the Treasury to limit the abatement of interest to "income, estate, gift, generation-skipping, and certain excise taxes." Treas. Reg. sec. 301.6404-2(a)(1)(i).  This interpretation is not unreasonable or plainly inconsistent with the statute.  * * *  [Miller v. Commissioner, 310 F.3d 640, 645 (9th Cir. 2002).]

We see no reason to reach a different conclusion here.  Even if petitioner were correct that "any deficiency" could refer to employment taxes, there is no suggestion in this record that the unpaid employment taxes were the result of an audit by the IRS rather than taxes duly reported by petitioner but unpaid. Petitioner would have us disregard the concept of a deficiency as the difference between tax due and tax reported or previously assessed.  See sec. 6211.  Petitioner has not pointed to any provision of the Internal Revenue Code that uses the term "deficiency" in a broad and all-inclusive manner to indicate failure to pay taxes.  Where there is no deficiency, interest abatement under section 6404(e) is available only pursuant to section 6404(e)(1)(B), which is expressly limited to "payment of any tax described in section 6212(a)", to wit, any tax imposed by subtitle A or B or chapter 41, 42, 43, or 44.  Provisions related to employment taxes are contained in subtitle C, and subtitle C

is not mentioned in section 6211 or section 6212(a). Woodral v. Commissioner, 112 T.C. at 25.

As indicated above, petitioner does not argue that it is entitled to abatement of interest under any other subsection of section 6404. Petitioner has not suggested that the assessments of interest were excessive, erroneous, or illegal. Cf. Woodral v. Commissioner, 112 T.C. at 24; Law Offices of Michael B. L. Hepps v. Commissioner, T.C. Memo. 2005-138; H&H Trim & Upholstery Co. v. Commissioner, T.C. Memo. 2003-9. In opposing respondent's motion for summary judgment, petitioner has not presented any specific facts showing that there is a genuine issue for trial. See Rule 121(d). Petitioner has not alleged specific facts showing that delay in the payment of its employment tax liabilities was attributable to any action or inaction on the part of IRS personnel in processing its offer in compromise. Petitioner was not prevented from making payments while its offer in compromise was pending. See Wright v. Commissioner, T.C. Memo. 2004-69, affd. 125 Fed. Appx. 547 (5th Cir. 2005).

Following the precedent established in Woodral v. Commissioner, supra, and Miller v. Commissioner, supra, we conclude that there was no abuse of discretion in denying petitioner's claim for abatement, because the IRS does not have

the authority under section 6404(e) to abate interest on employment taxes.  Respondent's motion will be granted.

> An appropriate order and decision will be entered for respondent.