# United States Tax Court

T.C. Memo. 2022-25

JEREMY EDWIN PORTER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 3544-21.                                    Filed March 28, 2022.

_____

Jeremy Edwin Porter, pro se.

*Rebekah A. Myers* and *Brenn C. Bouwhuis*, for respondent.


## MEMORANDUM FINDINGS OF FACT AND OPINION

GREAVES, *Judge*:  The Internal Revenue Service (IRS) issued a notice of final determination denying petitioner's claim for abatement of interest on his 2011 and 2012 federal income tax deficiencies.  We hold that the IRS did not abuse its discretion by denying petitioner's claim, and we sustain the determination.

## FINDINGS OF FACT

The parties filed a First Stipulation of Facts, which we incorporate by this reference.  Petitioner resided in Utah when he petitioned this Court.

On or around October 28, 2013, the IRS opened an examination of the joint federal income tax returns petitioner and his spouse filed for

[*2] 2011 and 2012.[1]  On November 26, 2013, the examiner received Form 2848, Power of Attorney and Declaration of Representative, whereby petitioners designated Charlotte Ogorek their representative to the IRS.  The examiner spoke to Ms. Ogorek the same day, scheduling an initial interview for January 9, 2014, at which Ms. Ogorek left documents for the examiner to review.  On March 5, the examiner notified petitioners that they needed to provide certain additional records to substantiate items on their returns, and she spoke to Ms. Ogorek again on March 11.  The examiner closed the case on or around April 24, 2014, when Ms. Ogorek failed to provide the records by the agreed deadline of April 16, and the IRS issued a notice of deficiency for 2011 and 2012 on May 13, 2014.

Petitioners sought redetermination of the deficiency in this Court on July 21, 2014, *see Porter I*, No. 16966-14, and the Court initially set a trial date of April 27, 2015.  Upon petitioner's Motion, the Court continued the case on April 1, 2015, and later rescheduled the trial for March 14, 2016.  The Court again continued the case on March 1, 2016, on respondent's unopposed Motion, which cited the parties' progress toward a Stipulation of Settled Issues and petitioners' pending discovery Motions.  The parties filed the Stipulation of Settled Issues later that month, but the Court did not rule on petitioners' Motions, plus another discovery Motion petitioners filed after the second continuance, until February 12, 2019.  The IRS then reassigned the case to IRS attorney Briseyda Villalpando, and the parties settled the case by stipulated decision entered May 29, 2019.

Petitioner paid $1,720 of interest on the stipulated deficiency for 2011 on or around August 12, 2019, and $1,349 of interest on the stipulated deficiency for 2012 on or around February 3, 2020, in each case rounded to the nearest dollar.  On or around October 19, 2019, petitioner filed Forms 843, Claim for Refund and Request for Abatement, seeking abatement of interest that accrued on both deficiencies from November 30, 2013, to June 28, 2019.  Petitioner alleged on line 7 of each form that the case would have settled on the same terms on the former date but for "IRS error and delay."  He made the following specific complaints.

---

[1] Although Mr. Porter is the only petitioner in this case, the stipulated decision referenced *infra* names both him and his spouse as petitioners.  *Porter v. Commissioner* (*Porter I*), No. 16966-14 (T.C. May 29, 2019).  References to "petitioner" in this opinion are to Mr. Porter, and references to "petitioners" are to Mr. Porter and his spouse.

[*3]
- Petitioners received no response to a letter he sent the IRS on November 26, 2013, explaining petitioners' position.

- The Court set a trial date of April 27, 2015, but had to continue the case because "the assigned [IRS] attorney was unable to respond to taxpayers for a variety of reasons."

- The Court again continued the case per the IRS's request dated February 26, 2016, whereafter the case was not scheduled for trial.

- Petitioners received no response to the settlement offer they tendered to the IRS on November 5, 2017, and learned that the assigned IRS attorney had been transferred off the case and had not been replaced.

- Petitioner alleged that he and Ms. Villalpando resolved the case amicably in two phone calls and a four-hour meeting.

The IRS denied petitioner's interest abatement claim in a final determination letter issued September 15, 2020. Revenue Agent and Interest Abatement Coordinator Lindsay O'Neil (RA O'Neil) prepared Form 886-A, Explanation of Items, which explains the basis for the determination. With respect to interest accrued during the examination, Form 886-A points out that section 7602 authorizes the IRS to examine documents for purposes of ascertaining the correctness of any return or determining the liability of any person for any internal revenue tax.[2] The delay caused by petitioners' failure to provide such documents, RA O'Neil explains, "is not attributable to the [IRS]." As for the litigation phase of the case, she notes that the parties agreed to both continuances and that the IRS was not responsible for the Tax Court's delayed action on petitioners' discovery Motions.

---

[2] Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code), Title 26 U.S.C., and all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in each case as in effect at all relevant times.

Section 7602 grants authority to "the Secretary," which section 7701(a)(11)(B) defines as the Secretary of the Treasury or his delegate. The regulations confirm that the Secretary of the Treasury has delegated such authority to the IRS. *See, e.g.*, Treas. Reg. § 301.7602-1(a).

[*4]    On February 2, 2021, petitioner sought review in this Court of the IRS's determination not to abate interest, and the case proceeded to trial on January 24, 2022.

OPINION

I.    *Interest Abatement Process*

As relevant to this case, interest on a federal income tax deficiency begins to accrue on the tax return due date and continues to accrue, compounding daily, until payment is made.  See §§ 6151(a), 6601(a), 6622(a).  Section 6621(a)(2) imposes interest at the federal short-term rate, determined under subsection (b), plus three percentage points.  Section 6404(e)(1) provides in pertinent part that the IRS may abate the assessment of interest on any payment of tax to the extent that any unreasonable error or delay in payment is attributable to an IRS officer or employee being erroneous or dilatory in performing a ministerial or managerial act.[3]  For purposes of section 6404(e)(1), an error or delay is taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer.  *See Lee v. Commissioner*, 113 T.C. 145, 148–49 (1999).

This Court reviews a denial of interest abatement for abuse of discretion, § 6404(h)(1),[4] which occurs only if the IRS bases its denial "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *King v. Fleming*, 899 F.3d 1140, 1147 (10th Cir. 2018) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)); *see also Woodral v. Commissioner*, 112 T.C. 19, 23 (1999).  We can uphold the determination only on the grounds the IRS invoked in denying the abatement, *see SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943), and the IRS must clearly set forth these grounds so the Court does not have to guess how the IRS arrived at its decision, *see SEC v. Chenery Corp.*, 332 U.S. 194, 196–97 (1947); *see also Kasper v.*

---

[3] Section 6404(e)(1) grants this authority to the Secretary of the Treasury or his delegate, and the Secretary of the Treasury has delegated interest abatement authority to the IRS.  *See supra* note 2, second paragraph; *see also* Treas. Reg. § 301.6404-2(a)(1).

[4] Section 6404(h)(1) grants the Tax Court jurisdiction to review a failure to abate interest only if the taxpayer satisfies section 7430(c)(4)(A)(ii), which pertains to the taxpayer's net worth.  See also the first sentence of 28 U.S.C. § 2412(d)(1)(B) (1988), which section 7430(c)(4)(A)(ii) cross-references, and 28 U.S.C. § 2412(d)(2)(B) (1988), which establishes the net worth requirement.  Respondent does not deny that petitioner meets this requirement.

**[\*5]** *Commissioner*, 150 T.C. 8, 23 n.17 (2018) (explaining that the *Chenery* doctrine applies where the Court reviews an IRS determination for abuse of discretion). We consider only arguments the taxpayer brought to the IRS's attention when it was considering the abatement claim. *See Wright v. Commissioner*, T.C. Memo. 2004-69, slip op. at 8 (citing *Magana v. Commissioner*, 118 T.C. 488, 493 (2002)), *aff'd per curiam*, 125 F. App'x 547 (5th Cir. 2005). Although neither Congress nor this Court has established what evidence we should examine in an interest-abatement case, our practice has been to make our determination after providing an opportunity for a trial de novo. *See Ewing v. Commissioner*, 122 T.C. 32, 38 (2004) (citing examples), *vacated*, 439 F.3d 1009 (9th Cir. 2006).

II.   *Petitioner's Motion to Shift Burden of Proof*

Petitioner begins by moving the Court to shift the burden of proof to respondent pursuant to section 7491. We will deny this Motion because section 7491(a) by its terms can shift the burden of proof only with respect to any factual issue relevant to ascertaining the taxpayer's liability for tax imposed by subtitle A or B of the Code. The Code imposes interest under section 6601, which is not part of subtitle A or B; accordingly, section 7491 does not apply to petitioner's interest-abatement claim. *See Kansky v. Commissioner*, T.C. Memo. 2007-40, slip op. at 13–14.

III.   *Exercise of Discretion by the IRS*

The IRS did not abuse its discretion by denying petitioner's interest abatement claim. Petitioners delayed the examination by failing to provide the records the examiner requested and did not provide any such records in the letter petitioner claimed to have sent the IRS on November 26, 2013. During litigation, petitioner himself requested the first continuance the Court granted and did not object to the second. *See Adams v. Commissioner*, T.C. Memo. 2019-99, at \*13 n.7 (explaining that section 6404(e)(1) prohibits abatement where the purported delay was attributable to the taxpayer's reasonable requests for continuances), *aff'd per curiam*, 811 F. App'x 276 (5th Cir. 2020). The Tax Court did not rule on petitioner's discovery Motions until February 2019, after which petitioner concedes that Ms. Villalpando resolved his case in short order. *See Lee*, 113 T.C. at 150 (explaining that the "mere passage of time in the litigation phase of a tax dispute does not establish error or delay" under section 6404(e)). Such delays are not grounds for interest abatement because either they are not attributable to an IRS

**[\*6]** officer or employee, or a significant aspect of the delay can be attributed to the taxpayer.

Petitioner complained at trial about RA O'Neil's delay in processing his interest abatement claim. We need not evaluate any such delay because petitioner sought abatement of interest accrued through June 28, 2019. Any delay after that date, including any delay in processing the Forms 843 petitioner submitted on or around October 19, 2019, is not germane to this case.

Petitioner also asks us to abate the interest assessment on equitable grounds. This we cannot do because the Tax Court is a court of law, not equity. *Stovall v. Commissioner*, 101 T.C. 140, 149–50 (1993). Petitioner failed to establish that the IRS abused the discretion granted by section 6404. We therefore sustain respondent's determination.

To reflect the foregoing,

*An order will be issued denying petitioner's Motion to Shift Burden of Proof, and decision will be entered for respondent.*