T.C. Memo. 2006-182

UNITED STATES TAX COURT

ROXANNE M. TOPPI, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6808-05.                    Filed August 29, 2006.

Roxanne M. Toppi, pro se.

Jason Kuratnick, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  Petitioner seeks review of respondent's determination denying her request for relief pursuant to section 6015(f) regarding taxable years 1995 through 2001.  The threshold issue we must decide is whether the Court has jurisdiction over the instant case.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this Opinion by reference. At the time of filing the petition, petitioner resided in Franklinville, New Jersey.

Petitioner and David J. Toppi (Mr. Toppi) were married on May 24, 1986, and divorced on June 11, 2002. Except for 5 years following the birth of their son, petitioner worked as a receptionist for several different employers while Mr. Toppi tried to establish a practice as a chiropractor. Petitioner was not involved with Mr. Toppi's chiropractic practice. During 1994 or 1995, when petitioner's son was 5 years old, Mr. Toppi approached petitioner and asked her to return to work because his "business was in trouble."

Petitioner and Mr. Toppi's mail was sent to their home address in Franklinville, N.J. Petitioner regularly, but not always, opened and read the mail. At approximately the same time that Mr. Toppi asked petitioner to return to work, petitioner discovered that Mr. Toppi had failed to pay numerous household bills. Petitioner and Mr. Toppi opened a joint checking account from which petitioner began to pay household bills. Petitioner continued to pay household bills from the joint checking account until she and Mr. Toppi divorced.

Petitioner and Mr. Toppi's tax difficulties began around the time petitioner returned to work. On several occasions Mr. Toppi told petitioner that they should file for an extension to file their joint tax return because he did not have enough money to pay the taxes. Petitioner and Mr. Toppi requested an extension from April 15 until August 15, 1995 to file their 1994 tax return. On August 21, 1995, respondent received petitioner and Mr. Toppi's joint 1994 income tax return reporting a tax liability in the amount of $8,515 and a withholding credit in the amount of $598. In order to satisfy their 1994 tax liability petitioner and Mr. Toppi made monthly payments from June 5, 1996, through March 6, 1998. The final payment on March 6, 1998, satisfied petitioner and Mr. Toppi's tax liability for 1994 including additions to tax and statutory interest.

On April 15, 1996, respondent received petitioner and Mr. Toppi's joint 1995 tax return reporting a tax liability in the amount of $17,117 and a withholding credit in the amount of $1,332. In order to satisfy their 1995 tax liability, petitioner and Mr. Toppi made monthly payments from March 6, 1998, through July 14, 2003. The final payment on July 14, 2003, satisfied all of petitioner and Mr. Toppi's tax liability for 1995 including additions to tax and statutory interest.

Petitioner and Mr. Toppi requested an extension from April 15 until August 15, 1997, to file their joint 1996 tax return

and subsequently requested another extension to file until October 15, 1997. On October 20, 1997, respondent received petitioner and Mr. Toppi's joint 1996 tax return reporting a tax liability of $15,813 and a withholding credit in the amount of $1,253. The withholding credit was attributable to petitioner. On June 28, 1999, respondent sent petitioner and Mr. Toppi a Notice of Intent to Levy because they had defaulted on their installment agreement for taxable year 1996. Petitioner and Mr. Toppi's 1996 tax liability, including additions to tax and statutory interest, was fully satisfied by February 14, 2006. The only other payment attributable to petitioner was an offset of a $400 overpayment from petitioner's 2002 taxable year.

Petitioner and Mr. Toppi requested an extension from April 15 until August 15, 1998, to file their joint 1997 tax return. Despite receiving an extension, petitioner and Mr. Toppi filed their return 1 year later on July 30, 1999, reporting a tax liability in the amount of $10,200 and a withholding credit in the amount of $1,045. The withholding credit was attributable to petitioner. No other payments have been made on petitioner and Mr. Toppi's 1997 tax liability except for one payment of $600 made by Mr. Toppi.

On August 2, 1999, petitioner and Mr. Toppi untimely filed their joint 1998 tax return reporting a tax liability in the amount of $8,513.29 and withholding credit in the amount of

$2,050.03, of which $389 was attributable to petitioner. Petitioner and Mr. Toppi have not made any further payments on their 1998 tax liability.

On October 22, 2000, petitioner and Mr. Toppi untimely filed their joint 1999 tax return reporting a tax liability in the amount of $7,437.52 and a withholding credit in the amount of $4,904.49, of which $1,884 was attributable to petitioner. Petitioner and Mr. Toppi have not made any further payments against their 1999 tax liabilities.

On August 3, 2001, petitioner and Mr. Toppi signed a Form 900, Tax Collection Waiver, extending the period of limitations for collection of their 1996, 1997, 1998, and 1999 tax liabilities. On June 25, 2004, respondent received petitioner's Form 8857, Request for Innocent Spouse Relief, and Form 12510, Questionnaire for Requesting Spouse, for tax years 1995 through 2001.[1] On December 8, 2004, respondent's Appeals officer sent petitioner a letter requesting any additional information that petitioner wanted respondent to consider in determining whether petitioner was entitled to section 6015(f) relief for the years in issue. On January 27, 2005, respondent's Appeals Office sent petitioner a Notice of Determination denying petitioner's request

---

[1]The record does not demonstrate that petitioner and Mr. Toppi have any tax liabilities for 2000 and 2001. We do not need to address this because, for reasons explained below, we hold that we do not have jurisdiction over the instant case.

for relief pursuant to section 6015(f) for taxable years 1995 through 2001.  Petitioner timely petitioned this Court.

## Discussion

Respondent contends that we do not have jurisdiction over the instant case.  In <u>Ewing v. Commissioner</u>, 118 T.C. 494 (2002), revd. 439 F.3d 1009 (9th Cir. 2006), we held that section 6015(e) gave us jurisdiction to review section 6015(f) petitions for relief where the Commissioner had not asserted a deficiency.  The Ninth Circuit Court of Appeals reversed our decision in <u>Ewing</u>, holding that the Tax Court lacks jurisdiction to review section 6015(f) determinations in a case where the Commissioner has not asserted deficiency.  <u>Commissioner v. Ewing</u>, 439 F.3d 1009, 1012-14 (9th Cir. 2006).[2]  We revisited the issue of our jurisdiction in section 6015(f) cases where the Commissioner has not asserted a deficiency and held, in <u>Billings v. Commissioner</u>, 127 T.C. ___ (2006), that we do not have jurisdiction to review section 6015(f) cases where the Commissioner has not asserted a deficiency.  Accordingly, we no longer follow our decision in <u>Ewing v. Commissioner</u>, <u>supra</u>.

Because the Commissioner did not assert a deficiency in the instant case, we are bound in the instant case to follow our decision in <u>Billings v. Commissioner</u>, <u>supra</u>.  We therefore hold

---

[2]The Court of Appeals for the Eighth Circuit agreed with the position of the Court of Appeals for the Ninth Circuit in <u>Bartman v. Commissioner</u>, 446 F.3d 785 (8th Cir. 2006).

that we lack jurisdiction over the instant case.[3]  Accordingly, we do not reach the issue of whether petitioner is entitled to relief pursuant to section 6015(f).

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.

---

[3]We note that Senators Feinstein and Kyl have recently introduced S. 3523, 109th Cong., 2d Sess., sec. 1 (2006), that would, if enacted, clarify that the Court has jurisdiction under sec. 6015(e) to review all claims for relief under sec. 6015(f). See also 152 Cong. Rec. S5962 (daily ed. June 15, 2006) (Senator Feinstein stating: "this bill clarifies the statute's original intent").