T.C. Memo. 2006-199

UNITED STATES TAX COURT

KATHLEEN SULLIVAN ALIOTO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14356-03.                    Filed September 18, 2006.

<u>Karen L. Hawkins</u>, for petitioner.

<u>Michael E. Melone</u>, <u>Andrew R. Moore</u>, and <u>Davis G. Yee</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined that petitioner did not qualify for relief from joint and several liability for 1995 and 1996.  The issue for decision is whether we have jurisdiction

to decide whether petitioner is entitled to relief pursuant to section 6015(f).[1]

## Background

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed the petition, petitioner resided in San Francisco, California.

On or about January 20, 1999, petitioner filed a request for relief from joint and several liability for income taxes pursuant to section 6015(f) for 1995 and 1996. Petitioner admitted that relief is not available under section 6015(b) or (c) for 1995 and 1996. No deficiency was asserted against petitioner for 1995 or 1996.

## Discussion

The Tax Court is a court of limited jurisdiction. Commissioner v. Ewing, 439 F.3d 1009, 1012 (9th Cir. 2006), revg. 118 T.C. 494 (2002). Whether this Court has jurisdiction is fundamental and may be raised by a party or on the Court's own motion. Ewing v. Commissioner, 118 T.C. at 495; Fernandez v. Commissioner, 114 T.C. 324, 328 (2000).

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code. In her petition, petitioner sought relief pursuant to sec. 6015 for 1993, 1994, 1995, and 1996. The parties agree that 1993 and 1994 are not at issue in this case.

Recently, the Court held that we lack jurisdiction over "stand-alone" section 6015(f) cases (i.e., cases in which no deficiency has been asserted) such as the case at bar. Billings v. Commissioner, 127 T.C. ___ (2006). Additionally, the U.S. Court of Appeals for the Ninth Circuit, the court to which appeal of this case apparently lies, also has held that the Tax Court lacks jurisdiction over "stand alone" section 6015(f) cases (i.e., cases in which no deficiency has been asserted) such as the case at bar. Commissioner v. Ewing, 439 F.3d at 1014-1015.

Accordingly, pursuant to Billings and the opinion of the U.S. Court of Appeals for the Ninth Circuit's in Ewing, we conclude that we lack jurisdiction over this case. Billings v. Commissioner, supra; Toppi v. Commissioner, T.C. Memo. 2006-182 (dismissing stand-alone section 6015(f) case for lack of jurisdiction pursuant to Billings because the Commissioner did not assert a deficiency for any of the years in issue); Stroud v. Commissioner, T.C. Memo. 2006-175 (same); see also Commissioner v. Ewing, 439 F.3d at 1014-1015; Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Therefore, we shall dismiss this case for lack of jurisdiction.

To reflect the foregoing,

An appropriate order of dismissal for lack of jurisdiction will be entered.