**Lawrence ANDERSON, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 04–17505.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 27, 2006 *.

Filed Jan. 26, 2007.

Lawrence Anderson, Oakland, CA, pro se.

David L. Denier, Esq., Office of the U.S. Attorney, San Francisco, CA, Marion E.M. Erickson, Esq., Department of Justice Tax Division, Washington, DC, for Defendant–Appellee.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Lawrence F. Anderson appeals from the district court's dismissal of his action seek-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing a tax refund and damages from the Internal Revenue Service (IRS). We review de novo the district court's dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), see *Comm'r of Internal Revenue v. Ewing,* 439 F.3d 1009, 1012 (9th Cir. 2006), and we affirm.

Under the principles of sovereign immunity, the United States is immune from suit unless it consents to be sued, "and the terms of its consent to be sued in any court define that court's jurisdiction to to entertain the suit." *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) (quotations omitted). A statute of limitations requiring that a plaintiff bring suit against the government within a certain time limit is a term limiting the court's jurisdiction. *See id.*

Anderson claimed damages and requested a refund for taxes paid on January 18, 1996, when the IRS executed the levy on his individual retirement account with Sutro & Company. Under 26 U.S.C. § 7433(d)(3), a two year statute of limitations applies to his damages claim. He brought this action on October 4, 2001, long after the limitations period expired on January 18, 1998. Anderson cites district court authority that equitable tolling may apply to the statute of limitations in 26 U.S.C. § 7433. *See United States v. Marsh,* 89 F.Supp.2d 1171, 1177 n. 9 (D.Haw.2000). Anderson, however, did not file a defective pleading during the statutory period, nor was he induced by IRS misconduct into allowing the deadline to pass. *See Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

■ The district court lacked jurisdiction over Anderson's refund claim unless he filed a claim for refund with the IRS by January 18, 1998, two years after the date he paid the taxes. *See* 26 U.S.C. § 6511(a); *Yuen v. United States,* 825 F.2d 244, 245 (9th Cir.1987). Anderson did not file a formal refund claim until January 1999, nearly a year too late. Although he backdated his IRS Form 843, Claim for Refund, to January 29, 1998, even that date is after the limitations period expired.

■ Nor did Anderson demonstrate that he filed an informal claim for a refund within the limitations period. His September 18, 1995 letter did not include any information about the tax years, tax amount, or any reason that the taxes were not proper, but merely argued that pension funds are exempt from levy. An informal refund claim may stop the running of the statute of limitations if it is "deficient merely in one or two of the technical requirements imposed by the Treasury regulation," *Ewing,* 439 F.3d at 1015 (quotations omitted), but this letter did not fairly apprise the IRS of the basis for Anderson's claim.

■ Anderson cannot take advantage of 26 U.S.C. § 6511(h), which tolls the statute of limitations when the taxpayer is "unable to manage financial affairs due to disability," because the statute tolls the limitations period only for those actions not time-barred before July 22, 1998, the date of enactment of the Internal Revenue Service Restructuring and Reform Act of 1998. Finally, the Supreme Court has held that no equitable tolling may be applied to time limitations under 26 U.S.C. § 6511. *See United States v. Brockamp,* 519 U.S. 347, 354, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997).

We grant Anderson's March 1, 2006 motion to supplement his reply brief. AFFIRMED.