T.C. Memo. 2007-227

UNITED STATES TAX COURT

CHARLES ROY SCHWENDEMAN AND CINDY L. BUTLER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20028-05.                    Filed August 14, 2007.

Charles Roy Schwendeman and Cindy L. Butler, pro sese.

Tamara L. Kotzker and Patricia A. Komor, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioners petitioned the Court to
redetermine respondent's determination of a $3,672 deficiency in
their 2002 Federal income tax.  We decide whether petitioners
substantiated $13,590 of charitable contributions claimed as
deductions on their 2002 Federal income tax return.  We hold they

did not.  Cindy L. Butler (Butler) also requests relief from joint and several liability under section 6015(b), (c), or (f).[1] We hold that Butler does not qualify for any relief under section 6015.

### FINDINGS OF FACT

Some facts are stipulated and are so found.  The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference.  Petitioners Charles Roy Schwendeman (Schwendeman) and Butler were husband and wife throughout 2002, and they filed a joint Federal income tax return for 2002.  Butler and Schwendeman divorced in 2003, and each resided in Colorado when this petition was filed.

In 2002, Butler was employed by IBM as an associate project manager, and Schwendeman was employed as a psychologist.  Schwendeman holds a master's degree, and Butler has completed some college courses.

During 2002, petitioners shared household expenses.  They were signatories on each other's accounts, and they had access to each other's accounts.

---

[1] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure. Although the issue as to relief under sec. 6015 was not raised by the pleadings, that issue was tried by the parties' express or implied consent.  We consider that issue to be properly before us.  See Rule 41(b).

Petitioners' 2002 income tax return was prepared by H&R Block. Butler and Schwendeman went to H&R Block together to have their return prepared. During their visit with H&R Block, petitioners relayed information to the preparer jointly and waited for the return together.

On their 2002 return, petitioners claimed deductions for charitable contributions totaling $13,590 (cash or check contributions of $13,110 and other contributions of $480). Butler reviewed the return and noted the amount claimed for charitable contributions. Butler had not made any charitable contributions during the year and asked Schwendeman about the reported deduction for charitable contributions. Butler was informed by Schwendeman that it was "within Internal Revenue Service guidelines." Butler knew that there was a strong likelihood that Schwendeman had not actually made the contributions as reported but opted for convenience not to inquire further. Schwendeman did not make any charitable contributions during 2002.

In 2005, respondent mailed petitioners a notice of deficiency for 2002. The notice of deficiency disallowed petitioners' deduction for charitable contributions for lack of substantiation. After petitioners petitioned the Court to redetermine that disallowance, Butler requested from respondent innocent spouse relief for 2002 under section 6015(b), (c), and

(f), by filing a Form 8857, Request for Innocent Spouse Relief (request). Respondent denied Butler's request, determining that she signed the joint return despite knowing about the item giving rise to the deficiency.

OPINION

A. Deficiency Determination

The burden of proof is on petitioners to show that respondent's determinations set forth in the notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are strictly a matter of legislative grace, and petitioners must show that their claimed deductions are allowed by the Code. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115.

In certain circumstances, if the taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining the taxpayer's proper tax liability, section 7491(a)(1) places the burden of proof on the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). For the burden to be placed on the Commissioner under section 7491(a)(1), the taxpayer, inter alia, must comply with the substantiation and record-keeping requirements of the Internal Revenue Code (Code). Sec. 7491(a)(2)(A) and (B). We conclude that the burden of proof is not upon respondent because petitioners have failed to introduce

any evidence to substantiate the claimed charitable contributions deducted on their joint 2002 Federal income tax return. In fact, Butler and Schwendeman testified that she and he, respectively, did not make charitable contributions in 2002. We sustain respondent's deficiency determination of $3,672.

B.   Relief Under Section 6015

Spouses filing a joint Federal income tax return are generally jointly and severally liable for tax found to be owing. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). However, it is possible for an individual filing a joint return to be relieved of such joint and several liability. Section 6015 prescribes three types of relief:  (1) Full or apportioned relief under section 6015(b), (2) proportionate relief under section 6015(c), and (3) equitable relief under section 6015(f). Butler claims entitlement to one or more of these types of relief. Except as otherwise provided in section 6015, Butler bears the burden of proving that claim. See Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004); see also Rule 142(a)(1).

To qualify for relief under section 6015(b), a requesting spouse needs to satisfy the requirements of section 6015(b)(1). Under section 6015(b)(1), relief may be granted under 6015(b) if the following factors are met:  (1) A joint return has been made for the taxable year; (2) on such return there is an

understatement of tax attributable to erroneous items of one individual filing the joint tax return; (3) the spouse seeking relief must establish that in signing the return he or she did not know, nor have reason to know, that there was an understatement of tax; and (4) taking into account all of the facts and circumstances, it is inequitable to hold the requesting spouse liable for the deficiency in tax for the taxable year attributable to the understatement.  The requesting spouse's failure to meet any one of these requirements prevents him or her from qualifying for full or apportioned relief under section 6015(b).  Alt v. Commissioner, supra at 313.

We focus on the third requirement concerning knowledge.  The facts indicate that Butler knew that there was an understatement of tax when she signed her joint return.  Butler admitted during her testimony that she suspected that the claimed charitable contributions were questionable and sensed that they were not actually made by Schwendeman.  She also admitted that she signed the return with the inflated deductions because it was not worth the effort to correct the reported amount.  While Butler was married to Schwendeman, she was aware of petitioners' monthly expenses and combined income.  She also testified that she would deal with the issue later, were it discovered that an inflated amount was reported.  We conclude that Butler fails the

referenced third requirement and, hence, that she does not qualify for relief under section 6015(b).

Section 6015(c) allows a qualifying individual to receive proportionate relief from joint and several liability for a deficiency if the following conditions, inter alia, are satisfied:  (1) Upon electing relief under section 6015(c), the requesting spouse is divorced, legally separated, or otherwise has lived apart from the other spouse for the past 12 months, and (2) when the joint return was signed, the requesting spouse did not have actual knowledge of the items giving rise to the deficiency.  Actual knowledge is present if the requesting spouse had actual knowledge of the factual circumstances which made the item unallowable as a deduction.  King v. Commissioner, 116 T.C. 198, 204 (2001); see also Cheshire v. Commissioner, 115 T.C. 183 (2000), affd. 282 F.3d 326 (5th Cir. 2002).  In that we have concluded supra that Butler knew that the charitable contribution deduction was invalid, we hold that Butler does not qualify for any proportionate relief under section 6015(c).

Because we have held that Butler is not entitled to either full or proportionate relief for 2002 under section 6015(b) or (c), we now consider whether she is entitled to equitable relief. Under section 6015(f), the Commissioner has the discretion to grant equitable relief to any individual who files a joint return but is not entitled to full or proportionate relief under section

6015(b) or (c), and it would be inequitable to hold the requesting spouse liable for the tax liability.  Respondent denied Butler's claim to equitable relief, and Butler bears the burden of proving that this action was an abuse of respondent's discretion.  See Washington v. Commissioner, 120 T.C. 137, 146 (2003); Cheshire v. Commissioner, supra at 198.  In order to prevail, Butler must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law when respondent denied her the equitable relief.[2] See Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

Before the Commissioner will consider a taxpayer's request for relief under section 6015(f), the taxpayer must satisfy seven threshold conditions listed in Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297.  These conditions are as follows:  (1) The requesting spouse filed a joint return for the taxable year for which he or she seeks relief; (2) relief is not available to the requesting spouse under section 6015(b) or (c); (3) the

---

[2] This Court has held that our determination of whether a taxpayer is entitled to relief under sec. 6015(f) "is made in a trial de novo and is not limited to matter contained in respondent's administrative record".  See Ewing v. Commissioner, 122 T.C. 32, 44 (2004), vacated 439 F.3d 1009 (9th Cir. 2006). That decision was vacated for lack of jurisdiction.  We need not and do not decide here whether our review of respondent's denial of relief under sec. 6015(f) is limited to the administrative record because our holding under sec. 6015(f) would remain the same in any event.

requesting spouse applies for relief no later than 2 years after the date of the Commissioner's first collection activity after July 22, 1998, with respect to the requesting spouse; (4) no assets were transferred between the spouses as part of a fraudulent scheme by the spouses; (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse; (6) the requesting spouse did not file or fail to file the return with fraudulent intent; and (7) the income tax liability from which the requesting spouse seeks relief is attributable to an item of the individual with whom the requesting spouse filed the joint return.

Respondent concedes that Butler satisfies all but one of these conditions; to wit, whether the income tax liability from which she seeks relief is attributable to an item of her former husband, Schwendeman. The record establishes that the income tax liability from which Butler seeks relief is attributable to both her and Schwendeman.

Neither petitioner made any charitable contributions in 2002. Yet, they claimed on their 2002 Federal tax return that they were entitled to deduct $13,590 of charitable contributions for that year. They went to H&R Block together; they together relayed their tax information to the preparer; they reviewed their joint return together; and they together knew that charitable contributions were claimed as deductions on their

joint return. On these facts, we find petitioners jointly responsible for the claimed charitable contributions and attribute this item to both of them.

We have considered all arguments made by petitioners for holdings contrary to those expressed herein and reject these arguments not discussed herein as irrelevant or without merit.

<u>Decision will be entered for respondent</u>.