T.C. Memo. 2009-178

UNITED STATES TAX COURT

C. MICHAEL AND GWENDOLYN E. WILLOCK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22391-07L.              Filed August 3, 2009.

C. Michael and Gwendolyn E. Willock, pro se.

<u>Jeanne Gramling</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  This case was submitted to the Court fully
stipulated pursuant to Tax Court Rule 122.

On August 23, 2007, respondent mailed to petitioners a
Notice of Determination Concerning Collection Action(s) Under

Section 6320 and/or 6330[1] (notice of determination) regarding petitioners' 2001 income tax liability.  In response to that notice, and pursuant to sections 6320 and 6330(d), petitioners timely petitioned this Court for review of respondent's determination that a notice of Federal tax lien (NFTL) was an appropriate method of collection.

The issue for decision is whether respondent abused his discretion in upholding the filing of a NFTL.

<u>Background</u>

Respondent mailed to petitioners' last known address a statutory notice of deficiency for taxable year 2001 on December 7, 2005.  This notice determined an income tax deficiency for that year in the amount of $152,270.00, and an accuracy-related penalty under section 6662 in the amount of $39,454.00.

Petitioners did not file a petition in this Court seeking a redetermination of respondent's notice of deficiency for tax year 2001.  Therefore, after the expiration of the 90-day period for filing a petition in this Court had passed, respondent assessed the tax, penalty, and interest, on April 11, 2006.  On that same date, respondent mailed to petitioners a notice and demand for payment of the assessed 2001 tax liability.

---

[1]Section references are to the Internal Revenue Code of 1986, as amended.  Rule references are to the Tax Court Rules of Practice and Procedure.

On January 23, 2007, a NFTL for petitioners' 2001 unpaid income tax liability was filed. On January 30, 2007, respondent mailed a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (Letter 3172) to petitioners for their 2001 income tax.

Petitioners responded to the notice by timely submitting a request for a collection due process (CDP) hearing on February 26, 2007. In the request, petitioners stated that they opposed the filing of the Federal tax lien because the "IRS agent disallowed legitimate business expenses * * *". On July 23, 2007, respondent's Appeals Office mailed to petitioners a letter confirming receipt of petitioners' CDP hearing request, and scheduling August 14, 2007, as the date for the CDP telephone hearing. The letter also advised petitioners that because petitioners had a prior opportunity to dispute the underlying tax liability for 2001, they would not be permitted to do so during the CDP hearing.

Petitioners did not present any reason why the filing of the Federal tax lien should not remain in place, nor did petitioners present any collection alternatives during the hearing. Respondent's Appeals Office determined that the recording of the notice of Federal tax lien was appropriate and that the lien should not be withdrawn. The Appeals Office's conclusions were

memorialized in the notice of determination mailed to petitioners on August 23, 2007.

On October 1, 2007, petitioners, then residing in the State of North Carolina, filed a petition with this Court requesting that the Federal tax lien not be sustained. As grounds for relief the petition states in its entirety that "[a] determination letter was issued on the timely request regarding the filing of a tax lien. The taxpayers exercise their right to petition the Tax Court regarding such." On October 7, 2008, during the Court's motion hearing[2] in Winston-Salem, North Carolina, the parties submitted this matter to the Court for decision without trial under Rule 122. The stipulated facts and accompanying exhibits are incorporated herein by this reference.

## Discussion

Under section 6321, if a person liable for a tax fails to pay it after demand, the unpaid amount, including any interest and penalties, becomes a lien in favor of the United States "upon all property and rights to property, whether real or personal,

---

[2]At the October 7, 2008, hearing, the Court discussed petitioners' then-pending motion for summary judgment and amended motion for summary judgment. Petitioners argued in the motions that respondent was barred from assessing any tax or penalties for the tax year at issue because the period for assessment as described in section 6501 had expired. The Court determined, however, that petitioners signing of IRS Form 872 before the period for assessment expired voluntarily extended the period for assessment under section 6501(c). Therefore, the Court denied petitioners' motions on June 18, 2009.

belonging to such person." The lien arises when the tax is assessed. Sec. 6322. Section 6323 explains that the Internal Revenue Service (IRS) may file a notice of Federal tax lien to protect its lien against subsequent creditors and purchasers of the taxpayer's property.

A taxpayer may appeal the filing of a notice of tax lien to the IRS under section 6320 by requesting an administrative hearing. The taxpayer is additionally afforded the opportunity for judicial review of a determination sustaining the notice of Federal tax lien in the Tax Court pursuant to section 6330(d). Petitioners have chosen to seek judicial review of respondent's determination.

Petitioners are not contesting the underlying tax liability; thus, the Court reviews the determination to see whether there has been an abuse of discretion by respondent's Appeals Office in the determination. See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001) (citing Nicklaus v. Commissioner, 117 T.C. 117, 120 (2001)). The Court has described the standard by which the Commissioner's determinations in CDP cases are reviewed as an "abuse of discretion," meaning "arbitrary, capricious, clearly unlawful, or without sound basis in fact or law." Ewing v. Commissioner, 122 T.C. 32, 39 (2004), rev'd on other grounds, 439 F.3d 1009 (9th Cir. 2006); see also Woodral v. Commissioner, 112 T.C. 19, 23 (1999). Utilizing this standard, this Court does not

find that respondent's Appeals Office abused its discretion. Petitioners offered no collection alternatives or other defenses to the lien.  Respondent simply used the available methods under the Internal Revenue Code for protecting the United States' claims against subsequent creditors.

## Conclusion

Based on the record, the Court holds that the Appeals Office did not abuse its discretion in determining that respondent's filing of a NFTL was an appropriate collection action.

Finally, in reaching the conclusions described herein, the Court has considered all arguments made, and, to the extent not mentioned above, finds them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.