T.C. Memo. 2010-80

UNITED STATES TAX COURT

JOHN SCHEPERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4409-08.                    Filed April 19, 2010.

Thomas Brever, for petitioner.

Blaine Holiday, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge:  Petitioner John Schepers (Schepers) asked respondent to grant him relief from his joint income tax liability for the tax year 2001.  Respondent determined that he is not entitled to relief, and we agree.

FINDINGS OF FACT

At the time he filed the petition, Schepers resided in Minnesota.

Schepers married Deborah Schepers in 1995.  For the tax year 2000, the Scheperses filed a timely joint income tax return.

During 2001 Schepers was an administrator for the University of Minnesota.  His wife operated an electronic discovery firm.  Schepers held a master's degree in business administration.  His wife held a law degree.

In November 2002 Schepers and his wife separated.

In July 2004 Schepers filed a 2001 tax return.  He filed separately.  The return reported that he had a tax liability of $12,621 and that he claimed a refund of $7,027.

Schepers' wife did not file a tax return for 2001.  The Internal Revenue Service (IRS) prepared for her a substitute return based on her income and issued her a deficiency notice.  Schepers' wife did not respond to the deficiency notice.  As a result, the IRS assessed $168,660.89 in tax and penalties.

The Scheperses were divorced in December 2005.  As part of their divorce agreement, they jointly filed an amended 2001 tax return that included both of their incomes.  The filing of the return was a voluntary act on the part of Schepers.  The return, filed in March 2006, reflected a tax liability of $101,755.  Respondent assessed an additional tax of $89,134 on the

Scheperses' joint account, plus penalties and interest.[1]  The Scheperses each agreed to be responsible for one-half of the actual tax, penalties, and interest.  This agreement was a legal obligation.

In November 2006 Schepers filed a request for innocent spouse relief with the IRS.  He requested relief only for the one-half of the tax liability that had been allocated to his ex-wife by their agreement.  In December 2007 the IRS denied his request.  Schepers contested the denial by filing a petition with this Court.  A trial was held, at which Schepers testified. Facts were stipulated by the parties.  We adopt the stipulated facts.

OPINION

In general, spouses who file a joint Federal income tax return are jointly and severally liable for the full amount of the tax liability shown or required to be shown on the return. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000).  If certain requirements are met, however, an individual may be relieved of joint and several liability under section 6015.

---

[1]Although the record contains no evidence regarding the additional tax, it appears the IRS abated the assessment against Schepers' ex-wife resulting from the notice of deficiency, as the additional tax is the difference between the amount of tax reported by Schepers on his original return ($12,621) and the amount of tax reported on the joint return ($101,755).

A spouse who has filed a request for innocent spouse relief may be relieved from joint and several tax liability under section 6015(f)[2] if, taking into account all the facts and circumstances, it is inequitable to hold the spouse liable.[3]  The requesting spouse generally bears the burden of proof.  See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004).  It is uncontested that Schepers satisfies the threshold conditions of Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297-298.  But Schepers fails to qualify for relief under Rev. Proc. 2003-61, sec. 4.02A, 2003-2 C.B. at 298 (because, as we explain later, Schepers had reason to know that the 2001 liability would not be paid by his ex-wife).  Under these circumstances, Schepers is entitled to relief only if he satisfies the alternative facts-and-circumstances test that is set forth in Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298-299.  See Nihiser v. Commissioner, T.C. Memo. 2008-135.  Under this test, we look to a "nonexclusive list of factors" to determine whether "it is inequitable to hold the requesting spouse liable":  (1) Whether the requesting spouse is separated or divorced from the nonrequesting spouse; (2) whether the

_____

[2]All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[3]The parties stipulated that the Scheperses filed a joint return on Mar. 6, 2006.  But cf. sec. 6013(b)(2)(A).

requesting spouse would suffer economic hardship if not granted relief; (3) whether the requesting spouse knew or had reason to know that the other spouse would not pay the liability; (4) whether the nonrequesting spouse had a legal obligation to pay the outstanding tax liability pursuant to a divorce decree or agreement; (5) whether the requesting spouse received a significant benefit from nonpayment of the tax liability, and (6) whether the requesting spouse has made a good-faith effort to comply with the tax laws for the tax years following the year to which the request for such relief relates. Rev. Proc. 2003-61, sec. 4.03(2). We consider all relevant facts and circumstances in determining whether the taxpayer is entitled to innocent spouse relief. Porter v. Commissioner, 132 T.C. ___, ___ (2009) (slip. op. at 12-13). We may consider evidence that was admitted into evidence at trial whether or not it was included in the administrative record. Porter v. Commissioner, 130 T.C. 115, 117 (2008). In determining whether relief is justified, we give no deference to respondent's determination that Schepers was not entitled to relief. See Porter v. Commissioner, 132 T.C. at ___ (slip op. at 12).

1. Rev. Proc. 2003-61 Section 4.03 Factors

    a. Marital Status

Schepers was divorced from his wife in December 2005. This factor weighs in favor of relief.

b.  Economic Hardship

Schepers has not demonstrated that he would suffer economic hardship if he were to pay the one-half of the tax liability attributed by the agreement to his ex-wife.  Schepers has a monthly budget surplus of $648.  Schepers argues that if he is required to pay the one-half of the tax liability, he will need to work until he is 75 years old, and this is without computing the accrual of interest and penalties.  Respondent argues that the period of limitations on collecting tax assessments is 10 years from the date of assessment and that therefore he will not be collecting tax from Schepers beyond the year 2016.  We agree with respondent on this point.  It is likely that collection efforts will be confined to this 10-year period.  Taking into account his circumstances, we find that Schepers has failed to demonstrate that he will suffer economic hardship if he pays the liability in question.  This factor weighs against relief.

c.  Knowledge or Reason To Know

At the time he signed the joint return, Schepers knew that his ex-wife was thinking about declaring bankruptcy, that their home had been lost to foreclosure, and that neither he nor his ex-wife had the funds to pay the tax liability reflected on the joint return.  Schepers argues that he thought his ex-wife had the potential to earn money and therefore could have eventually paid the tax debt (which he argues would survive against his ex-

wife as a nondischargeable debt even after bankruptcy). But the question here is not whether Schepers knew that his wife would ever pay the taxes, but whether the taxes would be paid within a reasonably prompt time after the filing of the joint return. See Banderas v. Commissioner, T.C. Memo. 2007-129. Any payments by his ex-wife would be substantially delayed by the bankruptcy proceeding. Payments would also be delayed by her having to earn the money to pay the tax liability. The record reflects that in 2005 Scheper's ex-wife was earning only $20,000. Under the circumstances, we find that Schepers knew or had reason to know his ex-wife would not pay the tax liability. (And, for the purposes of applying a similar test in Rev. Proc. 2003-61, sec. 4.02(1)(b) (under second element of safe harbor provision, "requesting spouse must establish that it was reasonable * * * to believe that the nonrequesting spouse would pay"), it was unreasonable for Schepers to believe that his ex-wife would pay the income tax liability.)

> d.   Nonrequesting Spouse's Legal Obligation

Schepers' ex-wife agreed to pay the one-half of the tax obligation from which Schepers seeks relief. But Schepers knew that his ex-wife could not pay the amount. See Rev. Proc. 2003-61, sec. 4.03(2)(a)(iv) ("This factor will not weigh in favor of relief if the requesting spouse knew or had reason to know, when entering into the divorce decree or agreement, that the

nonrequesting spouse would not pay the income tax liability.").
This factor is neutral:  it weighs neither for nor against
relieving Schepers of the joint liability.  See <u>Stolkin v.
Commissioner</u>, T.C. Memo. 2008-211.

    e.   <u>Significant Benefit</u>

    Schepers did not benefit significantly from his ex-wife's
failure to pay her one-half share of the joint income tax
liability.  Therefore, this factor weighs in favor of relief.
See <u>Ewing v. Commissioner</u>, 122 T.C. 32, 45 (2004) (the lack of
significant benefit by the taxpayer seeking relief from joint and
several liability is a factor that favors granting relief under
section 6015(f)), vacated 439 F.3d 1009 (9th Cir. 2006).

    f.   <u>Noncompliance With Income Tax Laws</u>

    Schepers timely filed tax returns for 2000, 2002, and 2003.
This favorable record of compliance is negated by the fact that
he filed his 2004 income tax return late, on April 16, 2006.
Thus, this factor is negative.[4]

2.   <u>Schepers Is Not Entitled to Relief</u>

    Of the factors listed in Rev. Proc. 2003-61 sec. 4.03, two
factors support relief (divorced marital status, lack of
significant benefit), one factor is neutral (nonrequesting
spouse's legal obligation), and three factors weigh against
relief (economic hardship, knowledge that payment will not be

—————————————————

    [4]His original 2001 return was filed late, on July 6, 2004.

made, noncompliance with income tax laws).  Taking into account these factors, Schepers is not entitled to relief from joint liability under the circumstances.

<u>Decision will be entered</u>

<u>for respondent</u>.