**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| STEVEN T. WALTNER; SARAH V. WALTNER, PKA Sarah Van Hoey, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant-Appellee. | No.  20-16475 <br><br> D.C. No. 2:19-cv-04679-DGC <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 1, 2021[**]
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Steven and Sarah Van Hoey (Taxpayers) appeal the district court's order

granting the Government's motion to dismiss and motion for summary judgment.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court correctly determined that it did not have jurisdiction over Counts 4–6 and part of Count 3. Before bringing a refund suit, a taxpayer must file a claim for refund with the IRS that complies with I.R.C. § 7422(a) and the claim must be timely filed. I.R.C. § 6511(a). The district court concluded that it lacked jurisdiction over Counts 5 and 6 because the Taxpayers failed to properly file an administrative claim—even if the Taxpayers' 2017 return constituted an informal claim, they failed to follow with a formal claim. *See United States v. Kales*, 314 U.S. 186, 194 (1941) (describing the informal claim doctrine); *Comm'r v. Ewing*, 439 F.3d 1009, 1015 (9th Cir. 2006) ("[A]ny such informal claim 'must have been followed by a formal claim that remedied any defects in the informal claim.'" (quoting *Kaffenberger v. United States*, 314 F.3d 944, 955 (8th Cir. 2003))).

The IRS applied the Taxpayers' 2017 overpayments to their § 6702 penalties for 2004 and 2005. Section 7422(d) states that "[t]he credit of an overpayment of any tax in satisfaction of any tax liability shall, for the purpose of any suit for refund of such tax liability so satisfied, be deemed to be a payment in respect of such tax liability at the time such credit is allowed." The Taxpayers needed to file administrative claims requesting refunds for the amounts applied to the § 6702 penalties. Having failed to do so for the § 6702 penalties related to the 2005 and 2006 tax years, the district court correctly concluded that the informal claim

2

doctrine was inapplicable, because even if the 2017 returns could be treated as informal claims for the amounts in question, the Taxpayers failed to follow up with a formal claim.

The district court also correctly determined it lacked jurisdiction over Count 4 and the remaining part of Count 3 because the Taxpayers failed to pay all outstanding liabilities. In *Flora v. United States*, 362 U.S. 145, 146 (1960), the Court held that 28 U.S.C. § 1346(a)(1) must be construed as requiring full payment of the tax assessment before an income tax refund suit can be maintained in federal district court. As payment is a prerequisite for continuance of an action in court, the district court properly dismissed the action because the Taxpayers have not fully paid. The improperly abated penalties were appropriately reinstated, as the district court correctly determined that the Taxpayers had failed to pay their outstanding balance in full.

With respect to the remaining claims in Counts 1 through 6, the district court correctly determined the Taxpayers claims were barred by *res judicata.* The Taxpayers had previously litigated their liability for the penalties in the Tax Court. *Waltner v. Comm'r*, Case No. 8726-11L (U.S. Tax Court 2015). That litigation meets all three criteria for collateral estoppel.

Contending the penalties were improperly assessed, the Taxpayers assert their entitlement to refunds of their tax overpayments for various years. Contrary to the Taxpayers' assertions, the § 6702 penalties at issue in this case are the same penalties that were erroneously abated and later reimposed. According to § 7122(a), "[a]batement of tax for a tax period referred to Justice that is made without the approval of Justice is invalid and may be reversed, because the Service lacks the authority to take such action on the taxpayer's account without Justice approval." And "[a] referral to Justice is considered to be in effect with respect to any tax liability once a letter from the Service is sent to Justice . . . requesting [it] to defend the Service in a suit brought against the Service." IRS Chief Counsel Notice CC-2011-020, 2011 WL 4402105 (Sept. 15, 2011) (internal citations omitted). That is what the IRS did here—it reinstated the erroneously abated § 6702 penalties.

The remainder of the Taxpayers' claims are rooted in the contention the IRS failed to mail a notice of deficiency. But the IRS has provided sufficient proof that it mailed a notice of deficiency. The IRS produced three pieces of evidence to establish the existence of the notice and its mailing: (1) a declaration from a Supervisory Tax Analyst in the IRS's AUR Program; (2) a completed Postal Service Form 3877 showing a notice of deficiency was mailed to the Taxpayers'

4

last known address on October 26, 2009; and (3) a TXMOD transcript of the Taxpayers' 2007 account showing the IRS's internal codes corresponding with a notice of deficiency being sent. The taxpayers provide no evidence to the contrary. Rather, they contend that they did not receive the notice. But notice is valid even if the taxpayer does not receive it, if it is mailed to the taxpayer's last known address. *See* 26 U.S.C. § 6212(b)(1); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1976). And the Taxpayers do not contest that the postal forms and the IRS records show the correct address. Because the IRS mailed a notice of deficiency, the district court correctly dismissed counts 7 and 8. For the same reason, the district court properly granted summary judgment on part of Count 2.

Finally, the Taxpayers are not entitled to mandamus. A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). No such duty exists here. **Affirmed.**