T.C. Summary Opinion 2009-62

UNITED STATES TAX COURT

CHARLENE DIANE NAVARRE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30177-07S.                    Filed May 4, 2009.

Charlene Diane Navarre, pro se.

Bryan E. Sladek, for respondent.

PARIS, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1]Section references are to the Internal Revenue Code of 1986, as amended.

On December 18, 2007, respondent mailed to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for a tax liability of petitioner for 2004.  In response to that notice, and pursuant to sections 6320 and 6330(d), petitioner timely petitioned this Court for review of respondent's determination sustaining a notice of Federal tax lien (NFTL).

The issue for decision is whether the Appeals Office abused its discretion in upholding respondent's filing of a NFTL.

## Background

On May 23, 2007, respondent recorded a notice of Federal tax lien and levy for income tax due from petitioner for tax year 2004.[2]  Petitioner timely requested a collection due process (CDP) hearing under section 6330(b) with respondent's Appeals Office.  As a result of the hearing, the Appeals Office determined that the recording of the notice of Federal tax lien was appropriate and that the lien should not be withdrawn.  It was also determined that collection of the tax liability due by levy was no longer necessary because a collection alternative, reporting the account as currently not collectible, had been reached.  No offer-in-compromise was agreed to or offered by

---

[2]Petitioner's residence will be affected if the filing of the NFTL is sustained.

petitioner during the CDP hearing.  The Appeals Office's conclusions were memorialized in the notice of determination.

On December 28, 2007, petitioner, then residing in the State of Michigan, filed a petition with this Court requesting that the Federal tax lien not be sustained.  On October 22, 2008, a trial was held in Detroit, Michigan, to determine whether the Appeals Office abused its discretion by determining that the notice of Federal tax lien should be sustained.  Petitioner testified that she had equity in her residence but contests sustaining the Federal tax lien because the lien makes her "feel" as if she does not "own [her] house anymore."[3]  Tr. at 28.

## Discussion

Under section 6321, if a person liable for a tax fails to pay it after demand, the unpaid amount, including any interest and civil penalties, becomes a lien in favor of the United States "upon all property and rights to property, whether real or personal, belonging to such person."  The lien arises when the tax is assessed.  Sec. 6322.  Section 6323 explains that the Internal Revenue Service (IRS) may file a notice of Federal tax lien to protect its lien against subsequent creditors and purchasers of the taxpayer's property.

---

[3]At trial, the Court tried several times, unsuccessfully, to evoke from petitioner an argument or legal basis why the tax lien should not be sustained.  This was the most cogent response the Court received.

A taxpayer may appeal the filing of a notice of tax lien to the IRS under section 6320 by requesting an administrative hearing to review the notice of Federal tax lien.  The taxpayer is additionally afforded the opportunity for judicial review of a determination sustaining the notice of Federal tax lien in the U.S. Tax Court pursuant to section 6330(d).  Petitioner has chosen to seek judicial review of respondent's determination.

Petitioner concedes her underlying tax liability; thus, the Court reviews the determination to see whether there has been an abuse of discretion by respondent's Appeals Office in the determination.  See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001) (citing Nicklaus v. Commissioner, 117 T.C. 117 (2001)).  The Court has described the standard by which respondent's determinations in CDP cases are reviewed as an "abuse of discretion," meaning "arbitrary, capricious, clearly unlawful, or without sound basis in fact or law."  Ewing v. Commissioner, 122 T.C. 32, 39 (2004), rev'd on other grounds, 439 F.3d 1009 (9th Cir. 2006); see also Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  Utilizing this standard, this Court does not find that respondent's Appeals Office abused its discretion.  Respondent simply used the available methods under the Internal Revenue Code for protecting the United States' claims against subsequent creditors.

<u>Conclusion</u>

Based on the record, the Court holds that the Appeals Office did not abuse its discretion in determining that respondent's filing of a NFTL with respect to petitioner's residence was an appropriate collection action.

Finally, in reaching the conclusions described herein, the Court has considered all arguments made, and, to the extent not mentioned above, finds them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.